UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
JUN 29 2021
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KILGALLON, DANIEL C. MOSTELLER and STEPHEN HOUGHTALING,<br><br>Defendants. | 1:21-CR-10023 (01), (02) AND (03)-CBK<br><br>ORDER |

Following the refusal of the United States Attorney's office and that of the United States Department of Justice to prosecute the three named defendants, I appointed Attorney James E. McMahon, a retired attorney living in Colorado, all as required by Federal Rule of Criminal Procedure 42. Mr. McMahon was always a very talented and hard working attorney. He is a past United States Attorney for the District of South Dakota. He agreed to the appointment with the understanding that, if the charges proceeded to trial, he did not wish to again begin the practice of law with all the stresses involved. He traveled from Colorado to Sioux Falls to undertake discussions with the other three former United States Attorneys now representing the defendants in the criminal contempt matter. He spent considerable time in negotiations in an attempt to resolve these matters. All were fruitless and accomplished nothing, despite Mr. McMahon's best efforts.

The Department of Justice, acting through the Marshals Service, has apparently adopted a public policy to the effect that DOJ policies may trump lawful federal court orders. This cannot be permitted. Despite some public confusion, this case has nothing to do with requiring anyone to be fully vaccinated.

This case has to do with actions by officials of the United States Marshals Service to taking unilateral action to remove three federal criminal defendants—Juan Smith (1:20-CR-10024-CBK), Christopher Plenty Chief (1:16-CR-10038-CBK), and Travis Weasel (1:10-CR-10017-CBK)—from the courthouse to an unknown location with neither knowledge nor permission of the Court. The Court, the AUSA prosecutor, defense attorneys, and court officials were all severely inconvenienced and challenged by what I allege to be outrageous illegal activity on the part of the three defendants. The defendants and the Department of Justice continue to maintain a position that the only failures here were failures of communications. That is simply not true. The cases of the three defendants involved deliberate and contemptuous removal of defendants in custody pursuant to lawful court scheduling orders, thus preventing timely scheduling as previously ordered. It also involves the refusal of the defendants to agree to change course to produce federal defendants—Rene DeLeon, Jr. (1:21-CR-10008-CBK), Brendon Rodlund (1:20-CR-10041(01)-CBK, and Frank One Feather, Jr. (1:19-CR-10051-CBK)—who were each in custody and subject to lawful scheduling orders for hearings the following day. The Court, through an IT officer employed by the federal judiciary, found a way to conduct hearings in a remote location away from the Courtroom, a procedure which depended on the consent of the defendants and their attorneys which consents, luckily, were granted.

Nor did any of the defendants or anyone from the Department of Justice ever seek to do anything of substance following the illegal actions, requiring this Court, after some delay, to proceed initially under Civil Contempt and then under Criminal Contempt. In short, I believe the contempt continues.

I sincerely regret that the disputes must continue but I cannot ignore what may be a significant conflict between the Federal Judiciary and the Executive branch of our government.

It is now necessary to allow Mr. McMahon to withdraw and be compensated. It is now necessary for the Court to appoint a successor special prosecutor and I appoint Attorney Thomas G. Fritz of Rapid City, South Dakota. He has agreed to the appointment and, like Attorney McMahon, his compensation shall be at an hourly rate of

$300 plus all necessary and proper expenses, including the appointment and use of an associate attorney or paralegal or both. The compensation shall be paid by the Administrative Office of the United States Courts. After all, they will be facing three very competent and talented criminal defense attorneys.

I hereby recuse. It is my understanding that the other Article III judges in the District of South Dakota will also recuse and the appointment of another judge will fall to the Chief Judge of the United States Court of Appeals for the Eighth Circuit.

The Court thanks Mr. McMahon for his efforts and willingness to serve for a limited time in these matters.

IT IS HEREBY ORDERED that Attorney Thomas G. Fritz of Rapid City, South Dakota is appointed as special prosecutor under Federal Rule of Criminal Procedure 42(a)(2). His compensation shall be at an hourly rate of $300 plus all necessary and proper expenses, including the appointment and use of an associate attorney or paralegal or both.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §455(a), this Court hereby recuses itself from hearing or determining anything further in the above matter.

DATED this 29th day of June, 2021.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge