UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KILGALLON, DANIEL C. MOSTELLER and STEPHEN HOUGHTALING,<br><br>Defendants. | Case No. 1:21-cr-10023-BCB<br><br><br>**UNITED STATES OF AMERICA'S RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST** |

The United States of America, by and through Special Prosecutors Thomas G. Fritz and Cassidy M. Stalley, respectfully submit this response to the United States' "Statement of Interest," Filing 44, filed pursuant to 28 U.S.C. § 517, by Joshua E. Gardner, Special Counsel, United States Department of Justice.

**I.     The Department of Justice has No Right to Intervene**

At the outset, the United States objects to the Department of Justice's Statement of Interest and any attempt to intervene in this matter. The Department of Justice asserts that, pursuant to 28 U.S.C. § 517, it has the power to "attend to the interests of the United States." *See* Filing 44 at 1-2. Specifically, the Department of Justice asserts that it has an interest in this matter because it involves the USMS, "which is the bureau of the Department of Justice," an arm of the Executive Branch, and argues "the criminal

contempt charges are an unwarranted intrusion into the law enforcement responsibilities of the executive branch." *Id.*

While the United States recognizes that under 28 U.S.C. § 517, the United States has broad discretion to "dispatch government lawyers to attend to any . . . interest of the United States," *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002), under the United States Supreme Court's guiding precedent, the interests of the United States are already represented by this Special Prosecutor. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 804, 107 S. Ct. 2124, 2136, 95 L. Ed. 2d 740 (1987). Indeed, the *Young* Court made clear that "[p]rivate attorneys appointed to prosecute a criminal contempt action *represent the United States*, not the party that is the beneficiary of the court order allegedly violated." *Id.* (emphasis added). Further, the appointed private attorney "is appointed solely to pursue the public interest in vindication of the court's authority." *Id.*

Allowing the Department of Justice to file a statement of interest – that is wholly redundant and self-serving – and intervene in this matter, under the pretense of protecting the interests of the United States, is without merit, perhaps even prejudicial. To be sure, the Department of Justice is not providing this Court with any meaningful insight into the proper interpretation and application of USMS's statutory authority and policy. Instead, the Department of Justice merely provides self-serving "*post hoc* rationalizations for agency orders" and asserts its biased position on whether these Defendants' actions were contemptuous. *See Alvey v. Gualtieri*, No. 8:15-CV-1861-T-33AEP, 2016 WL 6071746, at \*2 (M.D. Fla. Oct. 17, 2016) (allowing a DOJ Statement of Interest, in part, because "the Statement does not merely reflect the DOJ's litigating position, as it is not a party

and is not seeking to defend past agency action against attack" and "the DOJ states that it take no position" on the issue, rather "the DOJ's interest lies in providing . . . clear guidance about their obligations under the ADA."); *M.R. v. Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012) (citing *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997).  This Court – without the help of the Executive Branch – can interpret the USMS's statutory authority.  And the ultimate fact-finder – not the Executive Branch – will determine if these Defendants' actions were contemptuous.

## II.     The Department of Justice Invites This Court to Commit Procedural Error.

Should this Court consider the Department of Justice's Statement of Interest, the United States incorporates by this reference, as though fully set forth herein, its Brief in Opposition to Motion to Dismiss in response.

The Department of Justice, like the Defendants, argues that this case should be dismissed outright because these Defendants did nothing wrong when they unilaterally directed the removal of prisoners from the courthouse without conferring or even informing the district court they were doing so.  But the Department of Justice fails to provide this Court with any authority to establish their position.  The Department of Justice likewise relies on a single sentence in 28 U.S.C. § 566(i), and appears to lend its support to the argument that the USMS has the exclusive power to disobey, delay, and disrupt court orders and proceedings under the guise of providing "judicial security."

As thoroughly discussed in the United States' Brief in Opposition, granting the Defendants' motion to dismiss would be procedural error.  *United States v. Ferro*, 252 F.3d 964, 967 (8th Cir. 2001) (cleaned up and citation omitted); *United States v. Turner*,

842 F.3d 602, 604-05 (8th Cir. 2016).  Moreover, the interests of justice and public interest require that these Defendants, and the entire USMS as whole, be made to answer and account for their own acts of disobedience in vindication of the Court's authority. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796, n. 8, 107 S. Ct. 2124, 2132, 95 L. Ed. 2d 740 (1987) (citation omitted).

    Dated September 17, 2021.

                            LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                            By: */s/ Cassidy M. Stalley*
                                Thomas G. Fritz
                                Cassidy M. Stalley
                                Special Prosecutor for the United States of America
                                909 St. Joseph Street, Suite 800
                                Rapid City, SD  57701-3301
                                605-342-2592
                                cstalley@lynnjackson.com
                                tfritz@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I sent to:

Mr. Ronald A. Parsons, Jr.
Johnson, Janklow, Abdallah & Reiter, LLP
PO Box 2348
Sioux Falls, SD 57101-2348
ron@janklowabdallah.com

Mr. Scott A. Abdallah
Johnson, Janklow, Abdallah & Reiter LLP
PO Box 2348
Sioux Falls, SD 57101-2348
scott@janklowabdallah.com

Mr. Joshua E. Gardner
U.S. Department of Justice
Federal Programs Branch
1100 L. Street NW, Room 11502
Washington, DC 20530
joshua.e.gardner@usdoj.gov

Mr. Marty J. Jackley
Gunderson, Palmer, Nelson & Ashmore, LLP
111 W. Capitol Avenue, Suite 230
Pierre, SD 57501
mjackley@gpna.com

by Notice of Electronic Filing generated by the CM/ECF system, a true and correct copy of **United States of America's Response to the United States' Statement of Interest** relative to the above-entitled matter.

/s/ Cassidy M. Stalley
Cassidy M. Stalley