UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN KILGALLON,<br>DANIEL C. MOSTELLER and<br>STEPHEN HOUGHTALING,<br><br>　　　　Defendants. | 1:21-cr-10023<br><br>**MOTION TO QUASH SUBPOENAS DUCES TECUM**<br><br>AND REQUEST FOR EXPEDITED RESOLUTION |

COME NOW John Kilgallon, Chief of Staff for the United States Marshals Service, Daniel C. Mosteller, United States Marshal for the District of South Dakota, and Stephen Houghtaling, Chief Deputy United States Marshal for the District of South Dakota, and, for the reasons detailed below, respectfully move and request that this Honorable Court quash the two subpoenas duces tecum issued without proper basis and without Court supervision in violation of Federal Rule of Criminal Procedure 17.

## BACKGROUND

On the evening of Wednesday, September 29, 2021, the Special Prosecutor forwarded to counsel for John Kilgallon, Dan Mosteller, and Steve Houghtaling, by email, copies of two improvised subpoenas that it apparently created without Court involvement or supervision and that it had already faxed to Verizon Wireless, representing that the "subpoenas" were issued "on behalf of the Honorable Brian C. Buescher of the United States District Court, District of South Dakota, Northern

1

Division." According to the Special Prosecutor's correspondence, the subpoenas were issued for the purpose of obtaining the cell phone records of U.S. Marshal Mosteller and Chief Deputy U.S. Marshal Houghtaling. The subpoenas, along with the correspondence from the Special Prosecutor, are attached as Exhibit A.

The subpoenas sought to discover and obtain all of the cellphone call information, text messages, photographs, internet sessions, and other information, without limitation, for a two-and-a-half-month period for two United States Government-owned iPhones issued to Mosteller and Houghtaling by the United States Department of Justice for official government business. Each of the two subpoenas broadly seeks:

> A list or report of all incoming and outgoing calls, call detail, text messages, picture detail, and internet sessions for cellular telephone (605) [XXX-XXXX],[1] from March 1, 2021 to May 12, 2021, including the times of usage initiated and duration of use.

(Exhibit A). Rather than purporting to seek records to be produced to the Court or produced at a trial or other adversarial proceeding, the subpoenas contain a "short-trigger" deadline purporting to require that the information sought to be discovered be produced directly to the Special Prosecutor's private law office within fourteen (14) days from its issuance, on October 13, 2021, or twelve (12) days from the date on which this motion has been filed.

Counsel certifies that prior to the filing of this motion, earlier this morning, they attempted to contact the Special Prosecutor who issued these subpoenas, both

---

[1] For law enforcement security purposes, the Department of Justice cell phone numbers have been redacted in this filing but, of course, will be provided to the Court upon request.

2

by telephone and email, advising of the request to meet and confer concerning the short-trigger subpoenas before filing this motion. Following multiple attempted contacts, the Special Prosecutor responded by email that it was unavailable until Monday due to a law firm retreat. Due to both the promptness requirement of Rule 17(c)(2) and the exceedingly short deadlines set for the improper subpoenas, Counsel concluded that they had no choice but to file the motion.

### I.     THE SUBPOENAS ARE IMPROPER AND SHOULD BE QUASHED.

As explained in the Wright & Miller treatise, "Rule 17 controls with respect to all subpoenas in criminal cases, whether issued by a district court or by a United States magistrate judge." 2 Fed. Prac. & Proc. Crim. § 272 (4th ed. April 2021 update). In relevant part, Rule 17 of the Federal Rules of Criminal Procedure provides:

> **(a) Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.
>
> ...
>
> **(c) Producing Documents and Objects.**
>
> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17. "The purpose of Rule 17 is *not* to obtain witnesses and documents for use as evidence. *Thus, it is not a discovery device.*" 2 Fed. Prac. & Proc. Crim. § 272 (emphasis supplied); *see also United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (explaining that Rule 17(c) does not provide a means of discovery in criminal cases, which includes subpoenas directed at third parties); *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (explaining that "[t]he Supreme Court established long ago that Rule 17(c) 'was not intended to provide an additional means of discovery'").

### A.  The subpoenas are procedurally improper.

As the Eighth Circuit has explained: "Federal Rule of Criminal Procedure 17 provides that a subpoena must be issued by a clerk of court, which is signed and sealed by the clerk." *United States v. Bueno*, 443 F.3d 1017, 1026 (8th Cir. 2006). The Special Prosecutor did not seek permission from the Court to issue the subpoenas. *See United States v. Blue*, 340 F.Supp.3d 862, 864 (D.S.D. 2018) (Lange, C.J.) ("Blue asked this Court to issue a subpoena duces tecum under Federal Rule of Criminal Procedure 17(c)…"). The subpoenas, moreover, were not issued in proper form, but instead appear to have been created from scratch by the Special Prosecutor on a makeshift basis and issued in the name of the Court without authorization. As a result, the subpoenas are invalid, unreasonable, and unenforceable as a matter of law and should be quashed on that basis alone. *See Bueno*, 443 F.3d at 1026 (holding that criminal subpoena "did not comply with the requirements of Rule 17 and was not enforceable").

4

### B. The subpoenas are substantively improper.

Even more fundamentally, the subpoenas also "did not comply with the substantive requirements of Rule 17." *Bueno*, 443 F.3d at 1026. As the Eighth Circuit has emphasized:

> The Supreme Court has made clear that subpoenas duces tecum are *not meant to serve as tools of discovery in criminal cases*, but are instead means by which to expedite the trial by providing a time and place prior to trial for the inspection of subpoenaed materials.

*Bueno*, 443 F.3d at 1026 (citing *United States v. Nixon*, 418 U.S. 683, 698-99 (1974)) (emphasis supplied). In other words, Rule 17 subpoenas primarily are intended to secure witness attendance at trials or other hearings but provide that the witness may "also" be required to bring and produce records at that time. *See Hang*, 75 F.3d at 1282; *United States v. LaFuente*, 991 F.2d 1406, 1411 (8th Cir. 1993) (explaining that "[s]everal courts have interpreted Rule 17 to permit a subpoena to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at formal proceedings, such as grand jury proceedings, preliminary hearings, and trials").

As the Eighth Circuit has further emphasized: "To require production before trial, then, a moving party must show, among other things, that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition." *Bueno*, 443 F.3d at 1026 (citing *Nixon*, 418 U.S. at 698-99). Thus, as a threshold matter, a party requesting a subpoena duces tecum "must identify the documents [requested] with adequate specificity and show that the documents are relevant and admissible." *United States v. Bradford*,

5

806 F.3d 1151, 1155 (8th Cir. 2015). "The relevance and specificity elements 'require more than the title of a document and conjecture as to its contents,' and a subpoena should not issue based upon a party's 'mere hope' that it will turn up favorable evidence." *Id.* (quoting *Stevenson*, 727 F.3d at 831).

The subpoenas here, issued in improper form without prior notice, motion, permission, or even any explanation, provide nothing to establish the prerequisites of relevancy and specificity or to demonstrate that they have not been improperly issued for the prohibited purposes of conducting discovery or fishing for favorable evidence. *See Bueno*, 443 F.3d at 1026 (holding that where party "did not know the precise nature of the information sought by the subpoena," the "subpoena failed to meet the specificity requirements of Rule 17, and the district court did not abuse its discretion in quashing it").

From all appearances, the Special Prosecutor has issued the subpoenas because it is interested in reading all of the text messages and monitoring all of the phone and internet usage of the U.S. Marshal and Chief Deputy Marshal over a period of several months and gathering whatever other information it can collect for purposes of discovery in the hope it might turn up something it views as favorable to its position. That is a flatly prohibited purpose for issuing a subpoena in a criminal case and therefore unreasonable as a matter of law. *See Bueno*, 443 F.3d at 1026; *United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2000) (affirming district court's quashing of subpoena for law enforcement records "because it appears that Hardy was attempting 'to use the subpoena *duces tecum* as a discovery

6

device, which it is not'"); *Hang*, 75 F.3d at 1283-84 (affirming district court's refusal to authorize subpoena duces tecum because the "specificity and relevance elements require more than the title of a document and conjecture as to its contents" because the party's "broad request exemplified his 'mere hope' that the desired documents would produce favorable evidence, and a Rule 17(c) subpoena cannot properly be issued upon a 'mere hope'").

Finally, although the individuals charged here cannot and do not speak for or represent the USMS, Department of Justice, Executive Branch, or United States Government, it should be noted that the Department of Justice phone records, data, and other information sought by these subpoenas were generated by Government-owned, Department of Justice-issued iPhones, raising the possibility—if not the likelihood—that these are federal government records that may be entitled to some additional level of institutional protection or security.  Certainly, they constitute federal law enforcement records that potentially could contain highly sensitive law enforcement information and materials.

Though the United States has made an appearance in this proceeding through the filing of a Statement of Interest, (Doc. 44), the Special Prosecutor did *not* serve notice, even after the fact, of the subpoenas duce tecum seeking to invade Department of Justice phones on the United States Government.  There may well be a federal statute, regulation, or some sort of official process for seizing government phone or federal law enforcement records requiring that the Government at least be provided notice or alerted that the seizure is being done.

7

## CONCLUSION

WHEREFORE, John Kilgallon, Dan Mosteller, and Steve Houghtaling respectfully request that this Honorable Court grant their motion to quash the improper subpoenas duces tecum issued by the Special Prosecutor. In addition, because of the exceedingly short deadlines written into the facially invalid subpoenas by the Special Prosecutor, it is very respectfully requested that this matter be resolved on an expedited basis to prevent improper disclosures that, due to the short-trigger deadlines, could occur any time.

Dated this 1st day of October, 2021.

| | |
|---|---|
| JOHNSON, JANKLOW ABDALLAH & REITER, L.L.P. | GUNDERSON, PALMER NELSON & ASHMORE, L.L.P. |
| By _____ Ronald A. Parsons, Jr. Scott A. Abdallah P.O. Box 2348 Sioux Falls, SD 57101-2348 (605) 388-4304 | By _____ Marty J. Jackley 111 West Capitol Avenue, Suite 230 Pierre, SD 57501 (605) 494-0105 |
| *Attorneys for John Kilgallon* | *Attorneys for Dan Mosteller and Steve Houghtaling* |