UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KILGALLON, DANIEL C. MOSTELLER and STEPHEN HOUGHTALING,<br><br>Defendants. | Case No. 1:21-cr-10023-BCB<br><br>**UNITED STATES OF AMERICA'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO RULE 17(c)** |

The United States of America, by and through Special Prosecutors Thomas G. Fritz and Cassidy M. Stalley, respectfully moves this Court to enter an Order directing that a subpoena duces tecum be issued to Verizon Wireless ("Verizon") pursuant to Federal Rule of Criminal Procedure 17(c), and that Verizon be required to provide the responsive documents and things prior to trial, in order to allow the parties sufficient time to review the information and prepare for trial. The grounds for this Motion, including the subpoena to be issued, are set forth below.

## BACKGROUND

On June 15, 2021, the above-named Defendants were charged with two counts of criminal contempt under 18 U.S.C. §§ 401(1) and 401(3). The charge is based on these Defendants directing, in concert and in conspiracy, a deputy marshal to remove prisoners from the federal courthouse without the permission of – or even first communicating with

– the district court, and in violation of each of the prisoner's scheduling order. The conduct of these Defendants thereby obstructed the administration of justice. The charging statute, 18 U.S.C. § 401, provides

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

On June 29, 2021, the Honorable Charles B. Kornmann appointed the undersigned attorney, Thomas G. Fritz, as special prosecutor under Federal Rule of Criminal Procedure 42(a)(2), to represent the United States and vindicate the court's authority.

Consequently, the United States, through this Special Prosecutor now moves this Court to issue a subpoena duces tecum directing Verizon to produce the following documents and things pursuant to Rule 17(c):

> 1. A list or report of incoming and outgoing calls, call detail, text messages, picture detail, and internet sessions for cellular telephone numbers issued to defendants, from March 25, 2021 to May 11, 2021, including the times of usage initiated and duration of use, specifically related to conversations among and between the Defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or USMS Headquarters regarding COVID policies and vaccination and USMS policies.

As detailed below, this information is relevant, admissible, and requested with specificity. This Special Prosecutor is unable to procure the materials from any other

source. This is no fishing expedition. Rather, this Special Prosecutor seeks specific information in Verizon's possession that contains conversations relevant to the offenses charged.

## ARGUMENT

I. **Legal Standard for Issuance of Rule 17(c) Subpoenas**

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal cases. Subsection (c) provides for pre-trial production of evidence, in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

In *United States v. Nixon*, the Supreme Court set forth the standards for issuing a Rule 17(c) subpoena. 418 U.S. 683, 699-700 (1974). Adopting the test devised by Judge Weinfeld in *United States v. Iozia*, the Supreme Court held that pre-trial production of evidence is appropriate where the moving party shows:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (SDNY 1952)). The *Nixon* Court further distilled this test to three factors: (1) relevancy; (2) admissibility; (3) specificity. *Id.* at 700.

In applying the *Nixon* test, the United States District Court, District of South Dakota has explained:

> A party requesting production before trial must also show that the information is "not otherwise procurable reasonably in advance of trial by exercise of due diligence," that "the party cannot properly prepare for trial without such production," and that "the application is made in good faith and is not intended as a general fishing expedition."

*United States v. Blue*, 340 F. Supp. 3d 862, 869–70 (D.S.D. 2018) (quoting *Nixon*, 418 U.S. at 699-70) (citation cleaned up). The District Court of South Dakota, as well as the Eighth Circuit, have applied the *Nixon* test to subpoenas to third parties under Rule 17(c). *Id.* (citing to *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015); *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996).

It is well-settled that Rule 17(c) is not to be used as a broad discovery tool. *See, e.g., id.* at 700-01; *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *United States v. Blue*, 340 F. Supp. 3d 862, 869 (D.S.D. 2018). Rather Rule 17(c) was designed "to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials." *Nixon,* 418 U.S. at 698-99 (emphasis added); *see also Blue*, 340 F. Supp at 869. Moreover, "the purpose of a subpoena duces tecum is to enable a party to obtain evidence at the trial to use in support of *his* case—not to pry into the case of his adversary." *United States v. Jannuzzio*, 22 F.R.D. 223, 228 (D. Del. 1958).

4

Furthermore, the decision whether to issue a Rule 17(c) subpoena and require the documents be produced pre-trial rests with the sound discretion of the district court. *Nixon*, 418 U.S. at 702; *United Sates v. Beckford*, 964 F. Supp. 1010, 1021 n.9 (E.D. Va. 1997).

Here, the United States is seeking to obtain relevant and admissible evidence for use in support of its case – not to pry into the case of Defendants. *Jannuzzio*, 22 F.R.D. at 228. It is not going on a fishing expedition. The conversations are relevant and admissible. The information cannot be obtained in any other manner and is necessary for the United States' preparation for trial.

## II.   Relevancy

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). That "fact" must also be "of consequence in determining the action." Fed. R. Evid. 401(b). Under the *Nixon* test, there must be a "sufficient likelihood" that the requested material is "relevant to the offenses charged." *Nixon* 418 U.S. at 700. The documents sought here are relevant because they go directly to the charge of criminal contempt.

Indeed, as this Court is well-aware, to convict Defendants under both §§ 401(1) and 401(3), the United States must establish beyond a reasonable doubt that Defendants acted with criminal intent. *See U.S. ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998, 1001 n.5 (8th Cir. 1970) (stating that criminal intent is an essential element of criminal contempt). A defendant acts with criminal intent when he acts willfully. *See Wright v. Nichols*, 80 F.3d 1248, 1251 (8th Cir. 1996) (affirming conviction for criminal contempt

5

because the evidence showed that the defendant acted willfully); *United States v. Dowdy*, 960 F.2d 78, 81 (8th Cir. 1992) (same). Willfulness means "a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order." *In re Medlock*, 406 F.3d 1066, 1071–72 (8th Cir. 2005).

    Defendants here have consistently maintained that there is no evidence that they acted with criminal intent as they were merely complying "with Executive Branch orders from USMS Headquarters" when Defendants directed the removal of the prisoners from the federal courthouse without the district court's permission – let alone, knowledge. (*See* Filing 46 at 38; *see also* Filing 46 at 30). Defendants further assert that once Judge Kornmann asked the deputy marshal to leave the courtroom, "USMS Headquarters instructed its officers in the District of South Dakota to temporarily remove the prisoners in USMS custody from the Aberdeen courthouse and transport them to the nearest appropriate jail facility so that the situation could be sorted out." (*Id.* at 16). Defendants also claim that Defendant Houghtaling called the district court "shortly after 2:00 p.m." "seeking to advise and confer with the Court." (*Id.* at 16). Finally, Defendants claim they "believed they had no choice but to follow orders from USMS Headquarters." (*Id.* at 30).

    Yet Defendants were asked on March 25, 2021, to advise of their vaccination status. (*See* Filing 1-1). Defendants were communicating with the district court from March 25, 2021, up and through, May 10, 2021, about the USMS's position. (*See* Filings 1-2, 1-6, 1-9. Most notably, on May 4, 2021, Defendant Mosteller wrote to Judge Kornmann explaining that he had been "advised by the Aberdeen CSO staff that during a

recent phone conversation you stated that no unvaccinated CSO or attorney will be allowed in your courtroom" and inquired whether "such a restriction [would] apply[] to USMS personnel[.]" (*See* Filing 49-1). The district court unequivocally responded that the district court was not going to permit unvaccinated individuals, specifically including USMS, to be present in the courtroom or chambers. (*See* Filing 49-1).

To be sure then, the documents requested from Verizon "contain conversations" or information "relevant to the offenses charged[.]" *Nixon,* 418 U.S. at 700 (citation omitted). The United States does not have to "establish relevance beyond all doubt." *Blue*, 340 F.Supp.3d at 870 (citing *Nixon,* 418 U.S. at 700). The documents are clearly relevant to establishing criminal contempt and cannot be obtained in any other manner. The United States has met the relevancy requirement.

### III. Admissibility

Generally, relevant evidence is admissible unless other rules of evidence, the Constitution, federal statute, or rulings by the Supreme Court require exclusion. Fed. R. Evid. 402. Under *Nixon,* there must be a "sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged." *Nixon* 418 U.S. at 700.

The documents and things requested here are most certainly "admissible," as they are highly relevant and material to the offense charged. The Constitution, nor any rule of evidence, statute, or ruling by the Supreme Court require exclusion. *See Nixon*, 418 U.S. at 700-02 (finding recorded conversations of the defendant admissible). Moreover, the documents requested by the subpoena are not subject to the law enforcement privilege, as

7

the disclosure of these materials requested by the subpoena would not unduly interfere with ongoing investigations. *See United States v. Marshall*, No. CR. 08-50079-02, 2010 WL 1409445, at *4 (D.S.D. Apr. 1, 2010); *United States v. Two Bank Accounts Described as: Bank Account in the Amount of $197,524.99, Bank of Am., Seattle, Wash.*, No. CIV. 06-4005, 2007 WL 108392, at *3 (D.S.D. Jan. 5, 2007).

## IV.  Specificity

A party's "request will usually be sufficiently specific where it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate." *United States v. Shanahan*, 252 F.R.D. 536, 540 (E.D. Mo. 2008).

Here, the United States' request is "sufficiently specific" as it limits documents to a reasonable period of time. More specifically, the request is limited to the time period of March 25, 2021, to May 11, 2021. This timeframe spans the period of time starting with the district court issuing a memorandum to employees at the Aberdeen federal courthouse regarding their vaccination status on March 25, 2021 (Filing 1-1), through May 11, 2021, the day after Defendants ordered the deputy marshal to remove the criminal defendants from the federal courthouse. The request further states "with reasonable precision the subjects to which the documents relate." *Shanahan*, 252 F.R.D. at 540. Indeed, the request asks only for a "list or report of incoming and outgoing calls, call detail, text messages, picture detail, and internet sessions" from Defendants' phone numbers,[1]

---

[1] For purposes of this motion, and for confidentiality reasons, the United States has not listed Defendants' phone numbers. However, the United States can provide the same, with respect to Defendants Mosteller's and Houghtaling's cell-phone numbers. The United States does not have Defendant Kilgallon's cell-phone number. If this motion is granted, the United States would further request that Defendant Kilgallon provide his cell-phone number to the Court to be added to the subpoena.

8

related to conversations among and between Defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or "USMS Headquarters" regarding COVID policies and vaccination and USMS policies, during this limited timeframe. To be clear, the United States is not seeking to obtain highly sensitive law enforcement information or materials, only information relevant to the offenses charged. The United States' request is more than just the title of the document and conjecture about its contents. *See United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000). The United States is not fishing to see what may turn up. The United States has met the specificity requirement.

## **CONCLUSION**

For the foregoing reasons, the United States requests that this Court enter an order pursuant to Rule 17(c) directing that a subpoena duces tecum be issued to Verizon to produce the following documents and things:

> A list or report of incoming and outgoing calls, call detail, text messages, picture detail, and internet sessions for cellular telephone numbers issued to defendants, from March 25, 2021 to May 11, 2021, including the times of usage initiated and duration of use, specifically related to conversations among and between the defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or USMS Headquarters regarding COVID policies and vaccination and USMS policies.

The Order should further direct that Verizon provide the responsive documents and things to the Special Prosecutor before trial and with sufficient time for the Special Prosecutor to review and analyze them.

In the alternative, the Special Prosecutor would request that the materials be provided to the Court for in camera review prior to production to the Special Prosecutor.

9

It would be wholly inappropriate to allow the "government" to be the initial gatekeeper, reviewing and selecting what material from Verizon would be provided to the Special Prosecutor, as suggested by Department of Justice lawyers. (*See* Filing 55).

Compliance with this subpoena is not unreasonable or oppressive. The United States has met its burden under *Nixon*.

Dated October 5, 2021.

            LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

            By: */s/ Cassidy M. Stalley*
              Thomas G. Fritz
              Cassidy M. Stalley
              Special Prosecutor for the United States of America
              909 St. Joseph Street, Suite 800
              Rapid City, SD  57701-3301
              605-342-2592
              tfritz@lynnjackson.com
              cstalley@lynnjackson.com

CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, I sent to:

Mr. Ronald A. Parsons, Jr.
Johnson, Janklow, Abdallah & Reiter, LLP
PO Box 2348
Sioux Falls, SD 57101-2348
ron@janklowabdallah.com

Mr. Scott A. Abdallah
Johnson, Janklow, Abdallah & Reiter LLP
PO Box 2348
Sioux Falls, SD 57101-2348
scott@janklowabdallah.com

Mr. Joshua E. Gardner
U.S. Department of Justice
Federal Programs Branch
1100 L. Street NW, Room 11502
Washington, DC 20530
joshua.e.gardner@usdoj.gov

Mr. Marty J. Jackley
Gunderson, Palmer, Nelson & Ashmore, LLP
111 W. Capitol Avenue, Suite 230
Pierre, SD 57501
mjackley@gpna.com

by Notice of Electronic Filing generated by the CM/ECF system, a true and correct copy of **United States of America's Motion for Issuance of Subpoenas Duces Tecum Pursuant to Rule 17(c)** relative to the above-entitled matter.

*/s/ Cassidy M. Stalley*
Cassidy M. Stalley