UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN KILGALLON,<br>DANIEL C. MOSTELLER, and<br>STEPHEN HOUGHTALING,<br><br>        Defendants. | Case No. 1:21-CR-10023 |

**STATEMENT OF INTEREST OF THE UNITED STATES**

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517[1] concerning the special prosecutor's Motion for Issuance of Subpoenas *Duces Tecum* Pursuant to Rule 17(c) ("Mot."). ECF No. 57. The United States has an interest in this matter because, as discussed below, the requested subpoena seeks government information in connection with criminal contempt proceedings brought against federal employees acting in their official capacities.

**INTRODUCTION**

The special prosecutor has requested an order from the Court authorizing a broad subpoena directed to Verizon Wireless for approximately

---

[1] That statute provides: "The Solicitor General, or any other officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517.

1

eight weeks of cell phone records from the government-issued work phones from defendants Marshal Daniel Mosteller and Chief Deputy Marshal Stephen Houghtaling. The United States reiterates the arguments made in its earlier Statement of Interest, ECF No. 55, which apply to the special prosecutor's revised subpoenas, and files this Statement of Interest to address two arguments raised in the special prosecutor's motion: (1) the claim that the requested documents "are not subject to the law enforcement privilege, as the disclosure of these materials requested by the subpoena would not unduly interfere with ongoing investigations," Mot. at 7-8; and (2) the special prosecutor's proposal that the Court review the materials *in camera* without permitting the United States the opportunity to first determine what materials are privileged or otherwise subject to non-disclosure. *Id.* at 9-10.

## ARGUMENT

### I. THE SPECIAL PROSECUTOR'S PROPOSED SUBPOENAS DIRECTLY IMPLICATE GOVERNMENTAL PRIVILEGES.

The special prosecutor's proposed subpoena seeks "a list or report of all incoming and outgoing calls, call detail[s], text messages, picture detail[s], and internet sessions" from the work phones for two federal law enforcement officers "from March 25, 2021 to May 2021, including the times of usage initiated and duration of use, specifically related to conversations among and between the defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or USMS Headquarters regarding COVID

2

policies and vaccination and USMS policies." Mot. at 9.[2] The subpoena thus directly implicates various governmental privileges, including the deliberative process and law enforcement privileges. *See United States v. Sam*, No. CR 06-50117-02, 2007 WL 2284602, *2 (D.S.D. Aug. 8, 2007) (quashing subpoena that sought information subject to law enforcement privilege).

By seeking communications "regarding COVID policies and vaccination and USMS policies," Mot. at 9, the special prosecutor's proposed subpoena necessarily seeks information potentially subject to the deliberative process privilege, which "shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *United States Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)); *Missouri v. United States Army Corp. of Eng'rs,* 147 F.3d 708, 710 (8th Cir. 1998) (explaining that the "purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny.") (citation omitted). For example, the special prosecutor's subpoena by its plain terms potentially covers deliberative

---

[2] It is unclear how third party Verizon Wireless would be able to determine in the first instance which requested communications, particularly a report of incoming or outgoing calls, are "specifically related to conversations among and between defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or USMS Headquarters regarding COVID policies and vaccination and USMS policies."

information that may pre-date any final "COVID policies and vaccination and USMS policies."

Relatedly, by seeking records regarding the official work phones of federal law enforcement officials, the requested subpoena potentially implicates the law enforcement privilege, which is "important to 'prevent disclosure of law enforcement techniques, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Sam*, No. CR 06-50117-02, 2007 WL 2284602, at *2 (quoting *In re Dep't of Investigation of City of New York*, 856 F.2d 481 (2d Cir. 1988)). The special prosecutor contends that the subpoena is not subject to the law enforcement privilege, "as the disclosure of these materials requested by the subpoena would not unduly interfere with ongoing investigations." Mot. at 7-8. But absent a review of the underlying documents subject to the special prosecutor's overly broad subpoena, it is impossible to know whether any of the documents are in fact subject to the privilege or subject to non-disclosure.

This is precisely why the United States respectfully requests the opportunity to review any materials that Verizon Wireless may produce before those materials are provided to the special prosecutor to assess whether any privileges or other bases for non-disclosure are applicable. ECF No. 55 at 4-5. The special prosecutor has objected to the United States' request and instead urges "[i]n the alternative," that "the materials be provided to the Court for in camera review prior to production to the Special Prosecutor." Mot. at 9. But the

4

special prosecutor fails to explain how the Court, in the first instance, would be able to determine whether any of the materials are subject to non-disclosure on the basis of a governmental privilege. Rather, the common procedure for *in camera* review is for a Court to review the government's conclusions as to which documents are subject to non-disclosure on the basis of privilege. *See, e.g., Murphy v. Piper*, No. 16-2623, 2018 WL 2538281,*7 (D. Minn. Jun. 4, 2018) (reviewing *in camera* documents withheld by the government on deliberative process privilege grounds and requiring the government to submit "a short description of the basis for the privilege."). Accordingly, if the Court authorizes the issuance of the subpoena, the United States respectfully requests the opportunity to review any documents for the possible assertion of privileges or other bases for non-disclosure are applicable before the documents are produced to the special prosecutor.

## CONCLUSION

For the foregoing reasons, as well as those previously raised by defendants and the United States, the special prosecutor's motion for issuance of a subpoena should be denied. In the alternative, the United States should have an opportunity to review for assertion of privilege or other bases for non-disclosure are applicable to any documents provided by Verizon Wireless before they are produced to the special prosecutor.

Dated:  October 7, 2021

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General
Civil Division

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CHRISTOPHER HALL
Assistant Branch Director

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER
Special Counsel
United States Department of Justice
Federal Programs Branch
1100 L St. NW, Room 11502
Washington, DC 20530
Tel.:  (202) 305-7583
Fax:  (202) 616-8470
Email: joshua.e.gardner@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF COMPLAINCE WITH TYPE-VOLUME LIMITATION**

The undersigned counsel hereby certifies that this brief complies with the word-count limitation in D.S.D. Civ. LR 7(B)(1) because the brief does not exceed 12,000 words. This certification is made in reliance on the word count of the Microsoft Word software used to prepare the brief, which indicates that the word-count volume is 1,289 words, including any headings and footnotes in the body of the brief.

*/s/Joshua E. Gardner*