UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:21-cr-10023 |
| Plaintiff, | |
| vs. | **OPPOSITION TO MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM** |
| JOHN KILGALLON, DANIEL C. MOSTELLER and STEPHEN HOUGHTALING, | |
| Defendants. | |

John Kilgallon, Chief of Staff for the United States Marshals Service, Daniel C. Mosteller, United States Marshal for the District of South Dakota, and Stephen Houghtaling, Chief Deputy United States Marshal for the District of South Dakota, respectfully oppose the motion for issuance of two subpoenas duces tecum filed by the Special Prosecutor. (Doc. 57).

## BACKGROUND

The information sought by the two new potential subpoenas has been slightly modified from that which was sought by the withdrawn subpoenas. The Special Prosecutor now seeks:

> A list or report of incoming and outgoing calls, call detail, text messages, picture detail, and internet sessions for cellular telephone numbers issued to defendants, from March 25, 2021 to May 11, 2021, including the times of usage initiated and duration of use, specifically related to conversations among and between the Defendants, deputy marshal Kinney, the District Court of South Dakota and its personnel, and/or USMS Headquarters regarding COVID policies and vaccination and USMS policies.

(Motion at 2).  To be clear, these are Department of Justice-owned phones that have been issued to U.S. Marshal Mosteller and Chief Deputy Marshal Houghtaling for official federal law enforcement business.  The Marshal and his Chief Deputy do not own them.

## I.   THE MOTION SHOULD BE DENIED.

As explained in the Wright & Miller treatise, "Rule 17 controls with respect to all subpoenas in criminal cases, whether issued by a district court or by a United States magistrate judge."  2 Fed. Prac. & Proc. Crim. § 272 (4th ed. April 2021 update).  In relevant part, Rule 17 of the Federal Rules of Criminal Procedure provides:

> **(a) Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.
>
> ...
>
> **(c) Producing Documents and Objects.**
>
> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17. "The purpose of Rule 17 is *not* to obtain witnesses and documents for use as evidence. *Thus, it is not a discovery device.*" 2 Fed. Prac. & Proc. Crim. § 272 (emphasis supplied). As the Eighth Circuit has emphasized:

> The Supreme Court has made clear that subpoenas duces tecum are *not meant to serve as tools of discovery in criminal cases*, but are instead means by which to expedite the trial by providing a time and place prior to trial for the inspection of subpoenaed materials.

*Bueno*, 443 F.3d at 1026 (citing *United States v. Nixon*, 418 U.S. 683, 698-99 (1974)) (emphasis supplied). In other words, Rule 17 subpoenas primarily are intended to secure witness attendance at trials or other hearings but provide that the witness may also be required to bring and produce records at that time. *See Hang*, 75 F.3d at 1282; *United States v. LaFuente*, 991 F.2d 1406, 1411 (8th Cir. 1993) (explaining that "[s]everal courts have interpreted Rule 17 to permit a subpoena to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at formal proceedings, such as grand jury proceedings, preliminary hearings, and trials").

"To require production before trial, then, a moving party must show, among other things, that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition." *Bueno*, 443 F.3d at 1026 (citing *Nixon*, 418 U.S. at 698-99). Thus, as a threshold matter, a party requesting a subpoena duces tecum "must identify the documents [requested] with adequate specificity and show that the documents are relevant and admissible." *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015). "The relevance and specificity elements 'require more than the title of a

document and conjecture as to its contents,' and a subpoena should not issue based upon a party's 'mere hope' that it will turn up favorable evidence." *Id.* (quoting *Stevenson*, 727 F.3d at 831).

While stating that "[t]his is no fishing expedition," (Brief at 3), the Special Prosecutor elsewhere in its brief essentially concedes that the purpose of the subpoenas is to attempt to discover evidence that might help it build a case. (Brief at 5). The Special Prosecutor does not know what may or may not be in the federal government records that it is requesting, but it would like to have them produced so that it can see what is in there. That is a prohibited purpose for issuing a subpoena in a criminal case and so unreasonable as a matter of law. *See Bueno*, 443 F.3d at 1026; *United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2000) (affirming district court's quashing of subpoena for law enforcement records "because it appears that Hardy was attempting 'to use the subpoena *duces tecum* as a discovery device, which it is not'"); *Hang*, 75 F.3d at 1283-84 (affirming district court's refusal to authorize subpoena duces tecum because the "specificity and relevance elements require more than the title of a document and conjecture as to its contents" because the party's "broad request exemplified his 'mere hope' that the desired documents would produce favorable evidence, and a Rule 17(c) subpoena cannot properly be issued upon a 'mere hope'").

For very prudent reasons, the Eighth Circuit has mandated that "[c]ontempt should be clear and certain." *Imageware, Inc. v. U.S. West Communications*, 219 F.3d 793, 797 (8th Cir. 2000). Federal prosecutors are not entitled to bring or

maintain criminal charges and then attempt to use Rule 17 to try to build a case that might support the charges brought. *See United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (explaining that Rule 17(c) does not provide a means of discovery in criminal cases, which includes subpoenas directed at third parties). With respect, the Special Prosecutor's inability to meet its burden does not entitle it to a relaxed interpretation of the rules in order to try to develop a case. The Special Prosecutor's desire to try to discover evidence that it hopes might establish probable cause that crimes have been committed does not support issuance of the subpoenas in this case. *See id.*; *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (explaining that "[t]he Supreme Court established long ago that Rule 17(c) 'was not intended to provide an additional means of discovery'"); *Bueno*, 443 F.3d at 1026 (holding that where party "did not know the precise nature of the information sought by the subpoena," the "subpoena failed to meet the specificity requirements of Rule 17, and the district court did not abuse its discretion in quashing it").

## CONCLUSION

WHEREFORE, John Kilgallon, Dan Mosteller, and Steve Houghtaling respectfully request that this Honorable Court deny the pending motion.

Dated this 7th day of October, 2021.

JOHNSON, JANKLOW
ABDALLAH & REITER, L.L.P.

By_____

Ronald A. Parsons, Jr.
Scott A. Abdallah
P.O. Box 2348
Sioux Falls, SD 57101-2348

GUNDERSON, PALMER
NELSON & ASHMORE, L.L.P.

By_____

Marty J. Jackley
111 West Capitol Avenue, Suite 230
Pierre, SD 57501
(605) 494-0105

(605) 388-4304

*Attorneys for John Kilgallon*          *Attorneys for Dan Mosteller and
Steve Houghtaling*